# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TRACY PITTS, ) | |
| ) | |
| Movant, ) | NO. 3:07-0257 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Movant, Tracy Pitts, filed this action under 28 U.S.C. § 2255 seeking to vacate his convictions based upon his guilty plea for conspiracy to distribute cocaine, felon in possession of a firearm, and possession with the intent to distribute cocaine for which this Court sentenced him to 147 months. United States v. Pitts, 3:05-cr-00014 (Docket Entry Nos. 28 and 48). Movant's claims in this action are, in sum:

> (1) Ineffective assistance of counsel.
>
> . . . Your Movant being ignor[an]t to the law relied heavily on his counsel concerning the proceedings of his criminal case. Movant's counsel refused to defend your Movant and insisted that your Movant enter into a plea agreement that he strongly disagreed with d[ue] to it containing "facts" that were untrue and unfounded. Movant's counsel used the fact that your Movant could receive up to life in prison to force him into a plea agreement, making him feel as though he had not other choice but to plead guilty to the charges founded by the U.S. Attorney. Counsel also knowing your Movant is ignorant of the law used that to force your Movant to sign a plea agreement even though your Movant didn't know or understand what would be asked of him p[e]rtaining to the stipulations he would have to uphold and abid[e] by.
>
> (2) Actual Innocen[ce] pursuant to the plain language of Title 18 U.S.C. § 922(G)(1).
>
> * * *
>
> According to the plain language of 18 U.S.C. § 922(g)(1) your Movant would

have to be proven beyond a reasonable doubt to have possessed a firearm. In
order to prove such a claim the government would have to provide some real
evidence such as the firearm being found on your Movant person or admit[] to the
fact or at least a photograph of your Movant po[ss]essing the firearm after your
Movant was a convicted felon. The firearm was found at your Movant's
residence. Any reasonable person would consider this to be circumstantial
evidence. The firearm could have been placed there by anyone who has access to
the residence. As I the case with your Movant, the firearm in question belongs to
his step-father. Your Movant was detained and searched as well as his vehicle.
At the conclusion of the search your Movant was found not to possess any
firearms on his person nor in his vehicle. The only firearm that was found was in
the residence, to constitute possession according to Black's 7th edition posses
means: To have in one's actual control; to have possession of. Based on this
definition it is confirmed that your Movant must be found in possession of a
firearm not just in his residence as being in the vicinity.

(3)    Actual Innocen[ce] pursuant to the plain language of Title 21 U.S.C. § 841(a)(1).

 . . . . Again refer[r]ing to Black's law 7th edition to define possess, possess means:
To have in one's actual control; to have possession of. Again your Movant was
detained and searched as well as his vehicle after the conclusion of your Movant
was found to possess no controlled substances. Again the U.S. Attorney is relying
on circumstantial evidence to constitute a fact due to controlled substances being
found at the residence. Just because controlled substances are found does not
shown who they belong to they can only be assumed to belong to your Movant
because it is his residence. Still this is only circumstantial evidence and not real
evidence to prove beyond a reasonable doubt. . . . He very well can't do so if he's
not even where the controlled substances are found.

(4)    There is no valid indictment charging your Movant with any crime.

        As a part of your Movant's plea agreement he had to waive his right to a
grand jury indictment. By doing so your Movant was not indicted by a grand jury.
When your Movant was sentenced his sentence was more that he agreed to in the
plea agreement. By doing so the sentencing court voided the plea agreement and
opened the door for this action to be taken. And in turn no valid indictment was
handed down, and by doing so you Movant's 5th & 6th amendment rights have be
violated.

(5)    Movant 5th amendment right to due process of the law was violated.

Your Movant entered into a plea agreement with the government. Your Movant
plead guilty so that he may enter into that plea agreement.

2

When the plea agreement was rejected by the sentencing court, your Movant was not given the opportunity to with draw his plea of guilt and enjoy the benefits of his right to due process of the law.

(6)     Movant's 6th amendment right was violated.

After Movant's plea agreement was rejected, your Movant was not given the opportunity to enjoy his right to a speedy and public trial. Movant's 6th amendment was further vi[o]lated due to ineffective counsel a[d]vising him to enter into a plea agreement that he fully did not understand or knowingly understood the consequences of his plea.

(7)     Sentencing court erred by not rejecting plea based on statement of facts as factual basis for plea.

It is obvious that your Movant did not fully understand what his entering into plea agreement would include. And based on the "statement of facts" that are provided as a factual basis for the plea of guilty are hardly conclusive enough or damaging enough to warrant a plea of guilty. The U.S. Attorney relies heavily on Nathan Morgan's claim that your Movant provided him a firearm to use in his drug trafficking activities to show your Movant was in fact in violation of Title 18 U.S.C. § 922(g)(1). A reasonable jury could see through test[i]mony from Nathan Morgan as he was put into a situation where he is willing to do whatever he is told to get out of it. Nathan Morgan's credibility could be disproved as a result of his being put into that situation. As a result this "statement of facts" would not compel a person to enter into a plea agreement, as these types of threats of a person testif[y]ing are common in plea agreement proceedings. (2) The U.S. Attorney uses unfounded statements like "the defendant admitted to being a crack cocaine distributor and admitted committing offenses with Nathan Morgan, Roosevelt Pitts, and others, including admissions to obtain drugs from them for further distribution, and providing firearms to Morgan." The U.S. Attorney stated that your Movant waived his Miranda rights orally and in writing but makes not such reference to the "admissions" made by your Movant. The U.S. Attorney would have disclose where and to who and how the admissions were made. Therefore it would appear that there would be no reason to enter a plea based off of that either, (3) The U.S. Attorney stated that your Movant possessed firearms in connections with controlled substance offenses. Your Movant isn't charged with a violation under 18 U.S.C. § 924(c)(1)(A), so this statement is irre[lev]ant to the case. None of these reasons are compel[l]ing enough to make a person plea other than being forced into such a plea as your Movant was clearly made to do. Factual basis for guilty plea must appear in the record and must be sufficiently specific to allow court to determine if defendant's conduct was within ambit of

that defined as criminal. US v. Carter, 117 F.3d 262 (5th Cir. 1997).

(Docket Entry No. 1, Motion to Vacate at pp. 4-8).

The Court's records reflect that prior to entering his plea of guilty, the Court appointed additional counsel to advise Petitioner on whether to enter a plea of guilty. (United States v. Pitts, 3:05-00014, Docket Entry Nos. 24, 25 and 26). The Court held two hearings; first to explore the role of additional counsel and second to decide whether to accept Movant's plea. Id.

After consulting with his two counsel, Movant executed a plea petition and agreement Movant plea agreement provides, in pertinent part:

1. <u>The defendant will waive his right to a grand jury indictment, and will consent to proceeding by charges being brought in the form of an Information filed by the United States Attorney.</u> the Information will contain four counts charging the defendant with conspiracy to distribute cocaine, with possessing 5 grams or more of crack cocaine with intent to distribute, and with two counts of being a felon in possession of a firearm in violation of 21 U.S.C. § 846 and 841, and 18 U.S.C. § 922(g)(1).

2. The defendant will plead guilty to each count in the Information because he is in fact guilty of those charges.

3. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt.

4. **Statement of Facts:**

   A. Between April 2003 and about July 2003, <u>the defendant obtained several ounces of cocaine and crack cocaine on several occasions from Nathan Morgan</u> who was distributing cocaine that he had been storing in the storage locker for Keith Smith. Morgan began distributing this cocaine after Keith Smith's arrest.

   Some of these drugs were delivered to the defendant by Roosevelt Pitts who stated at hotels with Morgan and cooked cocaine into crack cocaine for Morgan. <u>The defendant also obtained drugs directly from Morgan. The defendant obtained these drugs for further distribution.</u>

   B. <u>During the same timer period, the defendant possessed and</u>

4

provided a firearm to Morgan for Morgan's use in protecting his drug trafficking activities and assets. For instance, the defendant provided Morgan with a Jennings handgun at Morgan's condominium in June or July 2003. The defendant was also a convicted felon by this time, having previously been convicted of drug felonies in the Criminal Court of Davidson County in cases 92-B-991 (3 counts) and 95-C-2243.

C. On May 13, 2004, federal search warrants were executed at various locations including 417B Hart Avenue and 806 Washington Avenue, Nashville, TN as part of this investigation. The defendant, for whom there was also a search warrant, was located and taken to 417B Hart Avenue where he waived his Miranda rights orally and in writing. The defendant admitted to being a crack cocaine distributor and admitted committing offenses with Nathan Morgan, Roosevelt Pitts, and other, including admissions to obtaining drugs from them for further distribution, and providing firearms to Morgan. The defendant also stated he lived at 806 Washington by himself and that he had crack cocaine, a firearm, and ammunition at that location. At about the same time the defendant was making these admissions, officers searching 806 Washington located a loaded Lorcin .25 caliber semi-automatic pistol, ammunition, about 22.4 grams of crack cocaine, and about $1,300 in cash. Documents and photographs found at 806 Washington also connected Pitts to that residence. Photographs of the defendant, Morgan, and other co-conspirators were seized from 806 Washington.

D. The Lorcin and the Jennings firearms described above were both made outside Tennessee and defendant's possession of those firearms in Tennessee was in or affecting interstate commerce. The defendant possessed both these handguns in connection with controlled substance offenses, and provided the Jennings handgun to Morgan for Morgan's use in connection with controlled substance offenses.

5. This statement of facts is provided solely to assist the court in determining whether a factual basis exists for the defendant's plea of guilty. The statement of facts does not contain each and every fact known to the defendant and the Untied States concerning the defendant's involvement in the charges against him.

6. The defendant agrees to have his sentence determined under the U.S. Sentencing Guidelines. The defendant waives any right to have facts that determine his offense level under the Guidelines, including any facts that support any specific offense characteristic or other enhancement or adjustment, alleged in the indictment or information and found by a jury beyond a reasonable doubt, agrees that facts that determine the offense level will be found by the court at sentencing by a preponderance of the evidence and that the court may consider any reliable

5

evidence, including hearsay, in determining his sentence, and agrees to waive all constitutional or other challenges to the validity of the Sentencing Guidelines.

7.   The defendant agrees he is an armed career criminal as defined in 18 U.S.C. § 924(e) and U.S.S.G. 4B1.4. He also agrees he is a career offender as defined in U.S.S.G. 4B1.1. The parties further agree the defendant's base offense level as to the firearms and drug counts will be 34, and that he is in Criminal History Category VI on the drug and firearm counts due to the factors noted above.

8.   The government will recommend a reduction of 3 levels below the otherwise applicable guideline for "acceptance of responsibility" pursuant to U.S.S.G. Sections 3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility, fully and completely admits his responsibility to the Court and the Probation Officer, fully complies with this agreement, and no facts presently unknown to the Government surface with regard to defendant's pre-plea conduct, which would be inconsistent with such a reduction.

9.   Neither party shall seek any adjustments or departures except as specifically provided by this agreement.

Id. at Docket Entry No. 29, Attachment thereto, Plea Agreement at pp. 1-3.

At his plea hearing, the Court questioned the Movant who repeatedly assured the Court that the facts in this plea agreement were true and that Movant decided to plead guilty of his own free will without coercion by his counsel or government counsel. (Transcript at pp. 19-20, 23-24).[1] The Defendant assured the Court that he had read the plea agreement line for line and page by page. Id. at p. 17. At that hearing, Special Agent Wayne Kilday of the Drug Enforcement Administration testified as to the facts of Petitioner's guilty plea.

> THE WITNESS:   Your Honor, between April of 2003 and about July 2003, defendant Tracy Pitts obtained several ounces of cocaine and crack cocaine on several occasions from Nathan Morgan. He was distributing cocaine that he had been storing in a storage locker for Mr. Keith Smith. Morgan began distributing

---

[1]The Court takes judicial notice of its records and by separate Order, a transcript of Movant's guilty plea hearing is filed in this action.

6

Case 3:07-cv-00257   Document 4   Filed 03/02/10   Page 6 of 11 PageID #: 20

this cocaine after Keith Smith's arrest. Some of these drugs were delivered to the defendant Roosevelt Pitts who stayed at hotels with Morgan and cook cocaine into crack cocaine for Morgan. The defendant also obtained drugs directly from Morgan. The Defendant also obtained these drugs for further distribution.

During the same time period, the defendant was asked to provide a firearm to Morgan for Morgan's use in protecting his drug use activities and assets. For instance, the defendant provided Morgan with a Jennings handgun in Morgan's condominium in June or July of 2003.

The defendant was also a convicted felon by this time, having previously been convicted of drug felonies in a criminal court of Davidson County, Case 92-B-991, three counts and 95-C-243. On May 13, 2004 federal search warrants were executed at various locations including 417 b Hart Avenue and 806 Washington Avenue in Nashville, Tennessee as part of this investigation. The defendant, for whom there was also a search warrant, was located and taken to 417 B Hart Avenue, where he waived his Miranda rights orally and in writing and gave us a statement. The defendant admitted to being a crack cocaine distributor and admitted committing offenses with Nathan Morgan, Roosevelt Pitts and others, including admissions to obtain drugs from them for further distribution and providing firearms to Morgan.

The defendant also stated he lived at 806 Washington by himself, and that he had crack cocaine, a firearm and ammunition at that location.

As about the same time the defendant was making his admission to us, other officers searching 806 Washington located a loaded Lorson, 25 caliber semi-automatic pistol, ammunition, approximately 22.4 grams of crack cocaine, and about $1,300 in cash. Documents and photographs found at 806 Washington also connected Pitts to that residence. Photographs of the defendant Moran and other co-conspirators were seized from 806 Washington. The Lorson and the Jennings firearm described above were both made outside Tennessee, and the defendant's possession of those firearms in Tennessee was in or affecting interstate commerce.

The defendant possessed both these handguns in connection with controlled substance offenses and provided the Jennings handgun to Morgan for Morgan's use in connection with controlled substance offenses.

Id. at pp. 21-22.

As to his agreement with those facts, the Court questioned Movant.

THE COURT: Mr. Pitts, did you hear the statement of the agent of the facts to which you agree?

7

A. Yes, sir.

Q. Do you agree to those facts?

A. Yes, sir.

Q. Are they true?

A Yes, sir.

Q. Anything you want to add to them?

A. No, sir.

Id. at pp. 22-23.

At Movant's sentencing, the guideline range was 188 to 234 months and a Criminal History Category VI. The Defendant's sentence of 147 months was below the guideline range.

### B. Conclusions of Law

Given his guilty plea, Petitioner's claims for relief are limited as a matter of law:

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. <u>He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in</u> [<u>McMann. v. Richardson</u>, 397 U.S. 759, 770 (1970)].

<u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973) (emphasis added).

Since <u>Tollett</u>, the Supreme Court reiterated in <u>United States v. Broce</u>, 488 U.S. 563 (1989), on a defendant's withdrawal of his guilty plea:

"A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action. More particularly, absent misrepresentation or other impermissible conduct by

8

> state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." 397 U.S., at 757, 90 S.Ct., at 1473 (citation omitted).
>
> Similarly, we held in <u>McMann v. Richardson</u>, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), that a counseled defendant may not make a collateral attack on a guilty plea on the allegation that he misjudged the admissibility of his confession. "Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." <u>Id.</u>, at 770, 90 S.Ct., at 1448. <u>See also</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973) ("[J]ust as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings") (citation omitted).

<u>Id.</u> at 763-64.

To establish ineffective assistance of counsel, Movant must demonstrate that under the totality of the circumstances, his trial counsel performed deficiently and that counsel's performance resulted in prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668, 695 (1984). As the Supreme Court has explained:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.
>
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>Id.</u> 687. As to the "performance" inquiry, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Id.</u> at 688. Under <u>Strickland</u>, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>Id.</u> at 691.

9

Where the ineffective assistance of counsel claim involves a guilty plea, Petitioner must present proof that but for his counsel's acts or omissions and under all of the circumstances, he would not have pled guilty and would have insisted upon a trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). This assessment includes whether any "affirmative defense likely would have succeeded at trial," id.; Maples v. Stegall, 340 F.3d 433, 440 (6th Cir. 2003), and whether any cited evidence "likely would have changed the outcome of the trial." Hill, 474 U.S. at 59; Dando v. Yukins, 461 F.3d 791, 800 (6th Cir. 2006).

To establish prejudice due to his counsel's errors or omissions, Petitioner must establish a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Williams v. Taylor, 529 U.S. 362, 390-91 (2000). In a word, "[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." Strickland, 466 U.S. at 694.

Here, the facts reflect that Movant admitted to law enforcement officer that he possessed drugs for distribution and in connection therewith actually possessed guns. Morgan, a recipient of a gun, would also so testify. Thus, the government showed proof from several witnesses as to the Movant's cited conduct that gives rise to his convictions. These facts were discussed with Movant in his plea agreement, prior to his plea agreement and at his plea hearing. Thus, his counsel reasonably advised him and in light of his sentence below the guideline range. As part of his plea agreement, Movant waived his right to proceed based upon an indictment and did so in

10

the presence of a judicial officer. The Court concludes that Movant's claims lack merit as his counsel's advice was neither ineffective or unreasonable.

As appropriate Order is filed herewith.

**ENTERED** this the ___1st___ day of March, 2010.

_____
WILLIAM J. HAYNES, JR.
United States District Judge